| | |
|---|---|
| 1 | ALLEN RUBY (Bar No. 47109) |
| | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 2 | 525 University Avenue |
| | Palo Alto, California 94301-1908 |
| 3 | Telephone: (650) 470-4500 |
| | Facsimile:  (650) 470-4570 |
| 4 | Email: Allen.Ruby@skadden.com |
| 5 | Attorney for Defendant ANHEUSER-BUSCH INBEV SA/NV |
| 6 | Additional Counsel Listed on Next Page |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN EDSTROM, BARRY GINSBURG, MARTIN GINSBURG, EDWARD LAWRENCE, SHARON MARTIN, MARK M. NAEGER, JOHN NYPL, DANIEL SAYLE, WILLIAM STAGE, | CASE NO. C-13-1309-MMC |
| | **(1) REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS ABI'S AND MODELO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; and** |
| *Plaintiffs*, | |
| v. | **(2) DECLARATION OF KAREN HOFFMAN LENT IN SUPPORT THEREOF** |
| ANHEUSER-BUSCH INBEV SA/NV, GRUPO MODELO S.A.B. de C.V., and CONSTELLATION BRANDS, INC. | Date: July 12, 2013 |
| | Time: 9:00 a.m. |
| | The Honorable Maxine M. Chesney |
| *Defendants*. | |

REQUEST FOR JUDICIAL NOTICE                                          CASE NO. C-13-1309-MMC

1  STEVEN C. SUNSHINE (admitted *pro hac vice*)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  1440 New York Avenue, N.W.
   Washington, DC 20005-2111
3  Telephone: (202) 371-7000
   Facsimile: (202) 393-5760
4  Email: Steven.Sunshine@skadden.com

5  JAMES A. KEYTE (admitted *pro hac vice*)
   KAREN HOFFMAN LENT (admitted *pro hac vice*)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   Four Times Square
7  New York, New York 10036
   Telephone: (212) 735-3000
8  Facsimile: (917) 777-3000
   Email: James.Keyte@skadden.com
9  Email: Karen.Lent@skadden.com

10 *Attorneys for* ANHEUSER-BUSCH INBEV SA/NV

11 ROWAN WILSON (Bar No. 118488)
   YONATAN EVEN (*pro hac vice* pending)
12 CRAVATH, SWAINE & MOORE LLP
   825 Eighth Avenue
13 New York, NY 10019-7475
   Telephone: (212) 474-1000
14 Facsimile: (212) 474-3700
   Email: rwilson@cravath.com
15 Email: yeven@cravath.com

16 DEAN S. KRISTY (Bar No. 157646)
   CHRISTOPHER J. STESKAL (Bar No. 212297)
17 MARIE C. BAFUS (Bar No. 258417)
   FENWICK & WEST LLP
18 555 California Street, 12th Floor
   San Francisco, California 94104
19 Telephone: (415) 875-2300
   Facsimile: (415) 281-1350
20 Email: dkristy@fenwick.com
   Email: csteskal@fenwick.com
21 Email: mbafus@fenwick.com

22 *Attorneys for* GRUPO MODELO S.A.B. DE C.V.

23

24

25

26

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Evidence 201, Defendants Anheuser-Busch InBev SA/NV ("ABI") and Grupo Modelo S.A.B. de C.V. ("Modelo") hereby respectfully request that the Court take judicial notice of the following exhibits attached to the Declaration of Karen Hoffman Lent:

Exhibit 1: A true and correct copy of the Complaint filed in *United States v. Anheuser-Busch InBev SA/NV*, No. 13-cv-127-RWR (D.D.C. filed Jan. 31, 2013), ECF No. 1.

Exhibit 2: A true and correct copy of the Competitive Impact Statement filed in *United States v. Anheuser-Busch InBev SA/NV*, No. 13-cv-127-RWR (D.D.C. filed Apr. 19, 2013), ECF No. 30.

Exhibit 3: A true and correct copy of the proposed Final Judgment filed in *United States v. Anheuser-Busch InBev SA/NV*, No. 13-cv-127-RWR (D.D.C. filed Apr. 19, 2013), ECF No. 29-2.

Exhibit 4: A true and correct copy of the revised transaction agreements, publicly filed as an exhibit to the proposed Final Judgment filed in *United States v. Anheuser-Busch InBev SA/NV*, No. 13-cv-127-RWR (D.D.C. filed Apr. 24, 2013), ECF No. 35-1.

DATED: June 3, 2013         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

BY:
                                          /s/ Allen J. Ruby
                                         Allen J. Ruby
                                      Attorney for Defendant
                              ANHEUSER-BUSCH INBEV SA/NV

DATED: June 3, 2013         FENWICK & WEST LLP

BY:
                                         /s/ Dean S. Kristy
                                         Dean S. Kristy
                                     Attorneys for Defendant
                               GRUPO MODELO S.A.B. DE C.V.

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Anheuser-Busch InBev SA/NV ("ABI") and Grupo Modelo S.A.B. de C.V. ("Modelo") (collectively, "Defendants") hereby request that this Court take judicial notice of Exhibits 1 through 4 attached to the Declaration of Karen Hoffman Lent.

Courts need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *see also Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007) (holding that a court need not "blindly accept the allegations in the pleadings as true if these allegations are contradicted by uncontested facts set forth in (1) exhibits to the nonmoving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that are included in materials that can be judicially noticed."); *Padnes v. Scios Nova Inc.*, No. C 95-1693 MHP, 1996 WL 539711, at *9 (N.D. Cal. 1996) ("Although on a 12(b)(6) motion the facts alleged in the complaint are presumed to be true, plaintiffs cannot make a broad assertion of the absence of information which is contrary to known facts in order to resist a motion to dismiss and plunge the parties into lengthy and costly discovery.").

The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable be questioned. Fed. R. Evid. 201(b).

Exhibits 1-4 are the proper subject of judicial notice because they are all official filed or served materials from a related federal court proceeding. Exhibit 1 is a copy of Plaintiff's Complaint in *United States v. Anheuser-Busch InBev SA/NV*, No. 13-cv-127-RWR (D.D.C. filed Jan. 31, 2013) (ECF No. 1). Likewise, Exhibits 2-4 are filings from the same matter. Exhibit 2 is the Competitive Impact Statement (ECF No. 30); Exhibit 3 is the proposed Final Judgment (ECF No. 29-2); and Exhibit 4 is the revised transaction agreements, which are attached as Exhibit A to the proposed Final Judgment and publicly filed in redacted form as ECF No. 35-1.

Courts routinely take judicial notice of court filings such as Exhibits 1-4. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court "may take judicial notice of court filings and other matters of public record" because they are "readily verifiable and, therefore, the proper subject of judicial notice."); *Bonnel v. Best Buy Stores, L.P.*, 881 F. Supp. 2d 1164, 1169 (N.D. Cal. 2012) (taking judicial notice of a stipulation and proposed order, proposed filing, and court order "because the requested documents are from sources whose accuracy cannot reasonably be questioned, as they were filed in [another federal district court], and are also a matter of public record."). Here, the Court may properly take notice of the allegations contained in the Department of Justice's ("DOJ") complaint and other filings, as they reflect DOJ's public position on the transactions at issue and the status of DOJ's suit against Defendants.

In addition, the Court may properly consider the contents of Exhibit 4, the revised transaction agreements, under the incorporation by reference doctrine. "[D]ocuments 'whose contents are alleged in a complaint and whose authenticity no party questions'" may be considered on a motion to dismiss. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). Here, the First Amended Complaint ("FAC") repeatedly references the revised transaction agreements. (*See, e.g.*, FAC ¶¶ 29, 30, 50, 95, 96, 97, 100, 106.) Indeed, the revised agreements themselves are the basis of certain allegations. (*See*, *e.g.*, FAC ¶ 97 ("Constellation conspired with ABI, the terms of which include those in the Revised Agreement[s] . . . .").)

Courts are "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint" that have been incorporated by reference. *Steckman v. Hart Brewing*, 143 F.3d 1293, 1295-96 (9th Cir. 1998); *see also Coto Settlement v. Eisenburg*, 593 F.3d 1031, 1038, n.5 (9th Cir. 2010) (finding a billing agreement that was not explicitly referred to nonetheless integral to the Amended Complaint and considering the agreement and its terms on motion to dismiss); *Fecht v. The Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (where plaintiffs alleged misleading statements or omissions, affirming grant of judicial notice and consideration of full text of defendants' statements in corporate disclosure documents). Therefore, the Court can properly consider the revised transaction agreements on Defendants' motion to dismiss.

1    Upon proper notice, the court is required to take judicial notice of the documents listed
2 above.  *See* Fed. R. Evid. 201(c)(2) ("The Court must take judicial notice if a party requests it and
3 the Court is supplied with the necessary information.").  Here, Defendants ABI and Modelo have
4 requested judicial notice and provided the Court with the necessary information.  Accordingly, for
5 the foregoing reasons, ABI and Modelo respectfully request that the Court take judicial notice of
6 Exhibits 1-4, which are attached to the Declaration of Karen Hoffman Lent, filed with this Request
7 for Judicial Notice, and submitted in support of Defendants ABI's and Modelo's Motion to Dismiss.

8  DATED: June 3, 2013                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

9                                             BY:
10                                                 /s/ Allen J. Ruby
                                                   Allen J. Ruby
11                                                 Attorney for Defendant
                                                   ANHEUSER-BUSCH INBEV SA/NV
12

13
   DATED: June 3, 2013                        FENWICK & WEST LLP
14
                                              BY:
15                                                 /s/ Dean S. Kristy
                                                   Dean S. Kristy
16                                                 Attorneys for Defendant
                                                   GRUPO MODELO S.A.B. DE C.V.
17

18

19

20   Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that I have obtained the concurrence
21 in the filing of this document from all the signatories for whom a signature is indicated by a
22 "conformed" signature (/s/) within this e-filed document and I have on file records to support this
23 concurrence for subsequent production for the court if so order or for inspection upon request.

24

25   DATED: June 3, 2013                                          /s/ Allen J. Ruby
26                                                                  Allen J. Ruby
27

28

**ECF CERTIFICATION**

I hereby certify that a true and correct copy of the foregoing document was filed electronically on this third day of June, 2013.  As of this date, all counsel of record except Kenneth R. Schwartz have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system.

/s/ Allen J. Ruby

Allen J. Ruby

## DECLARATION OF KAREN HOFFMAN LENT

I, Karen Hoffman Lent, declare as follows:

1. I am a partner with the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for Defendant Anheuser-Busch InBev SA/NV ("ABI") in this matter. I have personal knowledge of the matters set forth herein, unless otherwise noted.

2. I make this declaration in support of Defendants ABI's and Grupo Modelo S.A.B. de C.V.'s ("Modelo") Motion to Dismiss Plaintiffs' First Amended Complaint.

3. Attached as Exhibit 1 is a true and correct copy of the Complaint filed in *United States v. Anheuser-Busch InBev SA/NV*, No. 13-cv-127-RWR (D.D.C. filed Jan. 31, 2013), ECF No. 1.

4. Attached as Exhibit 2 is a true and correct copy of the Competitive Impact Statement filed in *United States v. Anheuser-Busch InBev SA/NV*, No. 13-cv-127-RWR (D.D.C. filed Apr. 19, 2013), ECF No. 30.

5. Attached as Exhibit 3 is a true and correct copy of the Proposed Final Judgment filed in *United States v. Anheuser-Busch InBev SA/NV*, No. 13-cv-127-RWR (D.D.C. filed Apr. 19, 2013), ECF No. 29-2.

6. Attached as Exhibit 4 is a true and correct copy of the publicly filed Exhibit A to the Proposed Final Judgment in *United States v. Anheuser-Busch InBev SA/NV*, No. 13-cv-127-RWR (D.D.C. filed Apr. 24, 2013), ECF No. 35-1, which includes:

- Stock Purchase Agreement, between Anheuser-Busch InBev SA/NV and Constellation Brands, Inc.;
- Amended and Restated Sub-License Agreement between Marcas Modelo S.A. de C.V. and Constellation Beers LTD;
- Transition Services Agreement between Anheuser-Busch InBev SA/NV and Constellation Brands, Inc.;
- Amended and Restated Membership Interest Purchase Agreement among Constellation Beers LTD., Constellation Brands Beach Holdings, Inc., Constellation Brands, Inc. and Anheuser-Busch InBev SA/NV; and

- Interim Supply Agreement between Grupo Modelo, S.A.B. de C.V. and Crown Imports LLC.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this third day of June 2013 in New York, New York.

DATED: June 3, 2013

_____
Karen Hoffman Lent

ALLEN RUBY (Bar No. 47109)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301-1908
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570
Email: Allen.Ruby@skadden.com

Attorney for Defendant ANHEUSER-BUSCH INBEV SA/NV

Additional Counsel Listed on Next Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN EDSTROM, BARRY GINSBURG, MARTIN GINSBURG, EDWARD LAWRENCE, SHARON MARTIN, MARK M. NAEGER, JOHN NYPL, DANIEL SAYLE, WILLIAM STAGE,<br><br>*Plaintiffs*,<br><br>v.<br><br>ANHEUSER-BUSCH INBEV SA/NV, GRUPO MODELO S.A.B. de C.V., and CONSTELLATION BRANDS, INC.<br><br>*Defendants*. | CASE NO. C-13-1309-MMC<br><br>**[PROPOSED] ORDER GRANTING REQUEST FOR JUDICIAL NOTICE**<br><br>The Honorable Maxine M. Chesney |

STEVE C. SUNSHINE (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: Steven.Sunshine@skadden.com

JAMES A. KEYTE (admitted *pro hac vice*)
KAREN HOFFMAN LENT (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (917) 777-3000
Email: James.Keyte@skadden.com
Email: Karen.Lent@skadden.com

*Attorneys for* ANHEUSER-BUSCH INBEV SA/NV

ROWAN WILSON (Bar No. 118488)
YONATAN EVEN (*pro hac vice* pending)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Email: rwilson@cravath.com
Email: yeven@cravath.com

DEAN S. KRISTY (Bar No. 157646)
CHRISTOPHER J. STESKAL (Bar No. 212297)
MARIE C. BAFUS (Bar No. 258417)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
Email: dkristy@fenwick.com
Email: csteskal@fenwick.com
Email: mbafus@fenwick.com

*Attorneys for* GRUPO MODELO S.A.B. DE C.V.

1       Before the Court is Defendants Anheuser-Busch InBev SA/NV and Grupo Modelo S.A.B. de C.V.'s Request for Judicial Notice.  Rule 201(c) provides that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c).  Exhibits 1-4 are the proper subject of judicial notice because they are all official filed or served materials from a federal court proceeding.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court "may take judicial notice of court filings and other matters of public record" because they are "readily verifiable and, therefore, the proper subject of judicial notice.").

      The Court also may consider Exhibit 4 and its contents under the incorporation by reference doctrine.  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("[D]ocuments 'whose contents are alleged in a complaint and whose authenticity no party questions'" may be considered on a motion to dismiss.) (citation omitted).

      Upon consideration of the Request for Judicial Notice and any opposition and reply thereto, it is hereby ORDERED that the Court will take judicial notice of Exhibits 1-4 to the Declaration of Karen Hoffman Lent and will consider Exhibit 4 because of its incorporation by reference in the First Amended Complaint.

Dated:                                                     Maxine M. Chesney
                                                          United States District Judge