UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN EDSTROM, and others, | Case No. 13-cv-01309 MMC (NC) |
| Plaintiffs, | **ORDER DENYING MOTION TO COMPEL** |
| v. | Re: Dkt. No. 75 |
| ANHEUSER-BUSCH InBEV SA/NV, GRUPO MODELO S.A.B. de C.V., and CONSTELLATION BRANDS, INC., | |
| Defendants. | |

In this private antitrust suit challenging a beer industry merger, plaintiffs seek document and deposition discovery before the district court rules on a pending motion to dismiss the complaint. The issue is whether plaintiffs have shown good cause under Federal Rule of Civil Procedure 26 to obtain these documents and depositions earlier than ordinarily permitted under the Federal Rules. Plaintiffs invite this Court to ignore, evade, or distinguish the Supreme Court's analysis in *Bell Atlantic Corp. v. Twombly*, requiring a "plausible" antitrust complaint before proceeding to expensive antitrust discovery. The Court declines the invitation. Because plaintiffs have not demonstrated good cause for early discovery, the Court DENIES plaintiffs' motion to compel.

//

## I. BACKGROUND

Plaintiffs filed a complaint on March 22, 2013, challenging the acquisition of Grupo Modelo by Anheuser-Busch InBev under § 7 of the Clayton Act. Plaintiffs seek injunctive relief. Dkt. No. 1. On April 1, 2013, District Judge Maxine M. Chesney set a case management conference for June 28, 2013. Dkt. No. 13. Plaintiffs then amended their complaint on April 17, 2013, and added claims under § 1 of the Sherman Act, alleging that the merger would result in price fixing and was likely to create a monopoly. Dkt. No. 14. The parties stipulated to extend the time for defendants to respond, and on June 3, 2013, defendants filed a motion to dismiss plaintiffs' amended complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 36, 40, 41. That same day, plaintiffs filed a motion for a temporary restraining order to prevent the acquisition of Grupo Modelo by Anheuser-Busch InBev. Dkt. No. 42.

After a hearing on June 5, 2013, Judge Chesney denied plaintiffs' motion for a temporary restraining order. Dkt. Nos. 50, 51. Judge Chesney also ordered the parties to meet and confer regarding a new date for the initial case management conference. Dkt. No. 50. In accordance with that order, the parties filed a stipulation that postponed briefing on defendants' pending motion to dismiss, proposed a schedule for plaintiffs to submit an amended complaint and for defendants to move to dismiss it, and set the case management conference for August 2, 2013. Dkt. No. 60. Under that schedule, the parties agreed to exchange initial disclosures by July 26, 2013. Dkt. No. 60. Judge Chesney granted the stipulation, deemed defendants' pending motion to dismiss withdrawn without prejudice, and set the case management conference for October 11, 2013. Dkt. No. 61.

On June 25, 2013, plaintiffs filed their second amended complaint, seeking to enjoin the acquisition of Grupo Modelo by Anheuser-Busch InBev under § 7 of the Clayton Act and § 1 of the Sherman Act. Dkt. No. 63. In the interim, defendants had closed the transaction on the merger. *Id.* at 30. So, as an alternative to equitable relief, plaintiffs also asked for divestiture and damages in their second amended complaint. *Id.*

//

Defendants then moved to dismiss plaintiffs' second amended complaint on June 28, 2013, arguing again that plaintiffs failed to state a claim for relief. Dkt. Nos. 64, 66.

That same day, plaintiffs filed two motions of their own. Plaintiffs filed a motion asking the Judge Chesney to order preliminary relief in the form of a "hold separate" order that would compel defendants to hold their assets separate and maintain the status quo. Dkt. No. 68 at 7. Plaintiffs also filed a motion to compel production of documents defendants had provided to the Department of Justice under the Hart-Scott-Rodino Act during the government's review of the merger. In addition, plaintiffs moved to compel the depositions of Carlos Brito, CEO of Anheuser-Busch InBev; Rob Sands, CEO of Constellation Brands; Bill Hackett, President of Crown Imports; and Carlos Fernandez, Chairman and CEO of Grupo Modelo. Dkt. No. 75. Plaintiffs stated that the requested discovery was necessary "to enable them to prepare and present a Motion for Preliminary Injunction and a Motion for Injunction Seeking Hold Separate Order." *Id.* at 2.

Judge Chesney referred the motion to compel to this Court. Dkt. No. 76. This Court set a hearing on the motion for July 31, 2013, in advance of Judge Chesney's hearings on plaintiffs' motion for preliminary injunction and defendants' motion to dismiss. Dkt. No. 77. On July 15, 2013, Judge Chesney granted the parties' stipulation to extend the briefing schedule on defendants' motion to dismiss and continued the hearings on both the motion to dismiss and the motion to hold separate to August 9, 2013 at 9:00 a.m. Dkt. No. 86. Two weeks later, the parties stipulated to continue the hearing on plaintiffs' motion to compel to the afternoon of August 9, 2013. Dkt. No. 92. This Court granted the stipulation and set the motion for a hearing on August 9, 2013 at 1:00 p.m. Dkt. No. 93.

Judge Chesney heard the motions to dismiss and hold separate on August 9, 2013 and took the matters under submission. Dkt. No. 96. At the hearing, Judge Chesney ordered defendants to decide by August 19, 2013 whether they would move to file under seal redacted merger agreements they had submitted in support of their motion to dismiss. *Id.* An administrative motion to seal is currently pending. Dkt. No. 113.

//

Judge Chesney also stated that she would entertain further briefing if defendants filed unredacted versions of the agreements, and if, unredacted, the agreements changed the analysis of the motion to dismiss. On August 21, 2013, Judge Chesney allowed plaintiffs to submit a supplemental brief within five days of receiving a copy of defendants' unredacted documents. Dkt. No. 112. Defendants have another five days to file a reply to plaintiffs' supplemental brief. *Id.*

This Court heard plaintiffs' motion to compel on August 9, 2013, immediately after Judge Chesney's hearing.

## II. DISCUSSION

Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). This rule may be modified by court order, however, or even by stipulation. *Id.* Courts in the Northern District "apply a good cause standard in determining whether expedited discovery [under Rule 26(d)] is warranted." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 274 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276. Courts "commonly consider factors including: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (internal quotation marks and citation omitted).

The Supreme Court has cautioned against forging ahead with expensive antitrust discovery where the sufficiency of a plaintiff's complaint is at issue, however. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The district court "must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* In *Twombly*, the Court noted that the expense was "obvious" where "plaintiffs represent[ed] a putative class of at least 90 percent of all subscribers to

local telephone or high-speed Internet service in the continental United States, in an action against America's largest telecommunications firms (with many thousands of employees generating reams and gigabytes of business records)." *Id.* at 559. Similarly, here, defendant Anheuser-Busch InBev is "the largest brewer in the United States" and "has 49% of the beer market in the United States." Dkt. No. 63 at 16, 21. The documents plaintiffs request total approximately 8 million pages or 1.5 terabytes of data. Dkt. No. 80 at 21. And, Judge Chesney is considering currently the sufficiency of plaintiffs' second amended complaint. Thus, this Court must "take care" "to avoid the potentially enormous expense of discovery" until Judge Chesney has determined that plaintiffs' allegations reach the level suggesting a plausible claim for relief. *Twombly*, 550 U.S. at 559.

Nor does Plaintiffs' motion for a hold separate order justify expedited discovery. Plaintiffs argued in their motion to compel that they require the Hart-Scott-Rodino documents and need to depose defendants' executives in order to prepare and present a motion for a preliminary injunction and a hold separate order. Dkt. No. 75 at 2. This statement, and plaintiffs' need for discovery, is undermined by their stipulation to continue the hearing on the motion to compel until *after* Judge Chesney heard their motion for a hold separate order. Judge Chesney has taken that motion under submission. In light of this, the Court fails to see the urgency related to that motion.

The potential prejudice to plaintiffs of not having these documents and depositions at this moment is slight. With the case management conference set for early October, discovery will open in late September, just a few weeks away. In contrast, the potential prejudice to defendants from compelled early discovery is more significant. Although they have already organized these documents to produce to the government, some review and further refining would be necessary before turning them over to plaintiffs. In addition, the documents include confidential business documents, which, depending on Judge Chesney's ruling, may not need to be produced at all. And, defendants would incur considerable time and expense preparing their executives for depositions related to these voluminous documents.

1     Given that plaintiffs' request is concurrent with Judge Chesney's review of the sufficiency of their complaint, and because the request for expedited discovery is not based on a time-sensitive motion such as a motion for a temporary restraining order or preliminary injunction, the Court concludes that plaintiffs have not shown good cause to depart from the ordinary discovery schedule. Accordingly, the Court DENIES plaintiffs' motion to compel the Hart-Scott-Rodino documents and the depositions of defendants' executives.

    Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: August 26, 2013

                                    Nathanael M. Cousins
                                    United States Magistrate Judge