Joseph M. Alioto (SBN 42680)
Theresa D. Moore (SBN 99978)
Thomas P. Pier (SBN 235740)
Jamie L. Miller (SBN 271452)
ALIOTO LAW FIRM
One Sansome Street, 35$^h$ Floor
San Francisco, CA  94104
Telephone:  (415) 434-8900
Facsimile:  (415) 434-9200
Email:  jmalioto@aliotolaw.com

[ADDITIONAL COUNSEL LISTED ON LAST PAGE]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STEVEN EDSTROM, BARRY GINSBURG, MARTIN GINSBURG, EDWARD LAWRENCE, SHARON MARTIN, MARK M. NAEGER, JOHN NYPL, DANIEL SAYLE, WILLIAM STAGE,<br><br>Plaintiffs,<br><br>v.<br><br>ANHEUSER-BUSCH InBEV SA/NV, *et al*,<br><br>Defendants.<br><br>_____ | CASE NO.:  3:13-cv-1309-MMC<br><br>**PLAINTIFFS' DEMAND FOR ORAL ARGUMENT ON MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. PROC. 59(e) OR 60(b), OR IN THE ALTERNATIVE RULE 60(d)**<br><br>AND ORDER THEREON<br><br>**Judge Maxine Chesney<br>Courtroom 7, 19th Floor** |

- 1 –
*Plaintiffs' Demand for Oral Argument on Motion for Relief from Judgment*

Plaintiffs hereby respectfully demand oral argument on the Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 59(e) or 60(b), or in the alternative, Rule 60(d) (Dkt. No. 135, hereinafter the "Motion") as a matter of Due Process and fairness, as follows:

On November 11, 2013, Plaintiffs filed the Motion, which requests that this Court vacate the Judgment in this matter because of Defendants' misrepresentations to this Court and the Defendants' contumacious fulfillment of the anticompetitive effects that had been alleged by the Plaintiffs pursuant to Section 7 of the Clayton Act, in which the Plaintiffs claimed that the combination "may" lessen competition or tend to create a monopoly. It is now plain by reason of the substantial and massive price increases that the very anticompetitive effects that the Plaintiffs allege "may" happen, have in fact happened (*See United States v. Pabst Brewing Co.,* 384 U.S. 546 (1966); *United States v. Falstaff Brewing Co.,* 410 U.S. 526 (1973)); and that this Court should and must hear oral argument with regard to the substantial changes in factual circumstances, vacate the Judgment, and require that the Defendants maintain a strict *status quo* pending a hearing and decision by this Court.

Because these matters are of such a substantial nature, affecting tens of millions of Americans everyday, and because the Court's rulings were of a dispositive nature, due process and ordinary fairness require that this Court allow oral argument. It is the belief of the Plaintiffs that oral argument will assist the Court with regard to these substantial issues and that mere paper argument is insufficient and contrary to customary Anglo-American tradition of jurisprudence.

In addition, these newspaper articles reporting Crown's price increases and demonstrating Defendants' misrepresentations are the only evidence Plaintiffs can put before the Court because the Magistrate prevented Plaintiffs from taking the depositions of the persons involved in the combination, notwithstanding Plaintiffs' agreement that we would only take them for one day each. We are private plaintiffs. We cannot compel these

people to attend depositions. We cannot convene a grand jury. We cannot order the FBI to interview them. We can only rely on the discovery rules. In this case, we were required to submit them to the United States Magistrate. The United States Magistrate issued a blanket denial, preventing us from submitting any substantial evidence to this Court in support of what Plaintiffs respectfully submit is a clear and unadulterated violation of Section 7 of the Clayton Act, and most probably Section 1 of the Sherman Act.

The Motion was noticed for hearing on December 20, 2013, and briefing on the Motion was completed on December 1, 2013. On December 16, 2013, four days before the hearing which had been noticed over a month earlier, Defendants advised counsel for Plaintiffs that they needed to move the hearing because of a "conflict" which required one of Defendants' counsel to be out of the country. Defendants never disclosed the nature of this conflict, other than advising that one attorney was required to be out of the country on that date. (Decl. of JMA, Exhibit A). On that same date, counsel for Plaintiffs agreed to stipulate to moving the hearing date to January. The following day, counsel for Defendants had proposed January 17, 2014 and January 24, 2014, as possible hearing dates on this matter, when this Court entered an order (Dkt. No. 138), which vacated the December 20, 2013, hearing and deemed the matter suitable for decision on the papers.

Plaintiffs respectfully demand oral argument as a matter of Due Process and fairness, on the Motion for any one of the proposed dates set forth by counsel for Defendants—either January 17 or January 24. Plaintiffs believe that oral argument will be of assistance and aid the Court with regard to the validity of the opposition in this matter. Plaintiffs should be granted the opportunity to be heard on this critical motion, which involves serious misrepresentations by Defendants to this Court involving Defendants' price increases.

| | |
|---|---|
| Dated: December 20, 2013 | **ALIOTO LAW FIRM** |

By:  */s/ Joseph M. Alioto*
     Joseph M. Alioto
     Theresa D. Moore
     Thomas P. Pier
     Jamie L. Miller
     **ALIOTO LAW FIRM**
     One Sansome Street, 35th Floor
     San Francisco, CA  94104
     Telephone:  (415) 434-8900
     Facsimile:  (415) 434-9200
     Email:  jmalioto@aliotolaw.com

ORDER

Plaintiffs' request is hereby GRANTED and the hearing on plaintiffs' Motion for Relief from Judgment is hereby scheduled for January 24, 2014, at 9:00 a.m.

Dated: December 23, 2013

_____
United States District Judge